# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFICA L 23 LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>   v.<br><br>MARK RUEGER, et als.,<br><br>                    Defendants. | Case No. 1:14-cv-01711-AWI-SMS<br><br>ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

On November 3, 2014, Defendants Mark Rueger and Terry Rueger removed this case to federal district court. Defendants allege that this Court has subject matter jurisdiction based on their defense that Plaintiff failed to comply with the provisions of the Protecting Tenants Against Foreclosure Act, 12 U.S.C. § 5220 (the "Act").

If a lack of subject matter jurisdiction becomes apparent at any time before final judgment, the district court must remand the case. 28 U.S.C. § 1447(c). *See also Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003) ("Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand."). Because the Court lacks subject matter jurisdiction, it remands the case, on its own motion, to Calavares County Superior Court.[1]

///

---

[1] In at least one instance, the notice of removal erroneously refers to the court from which the case was removed as Shasta County Superior Court.

1

I.     **Procedural and Factual Background**

On or about May 20, 2014, Plaintiff purchased the subject property, commonly known as 5285 Treosti Place, Valley Springs, California, from the Trustee at a Trustee's sale conducted following foreclosure proceedings. On July 29, 2014, Plaintiff served Defendants with a written notice to quit in compliance with California Code of Civil Procedure § 1161 *et seq.* Because Defendants were the prior owners of the property, the notice ordered them to vacate the premises within three days.

Defendants' having failed to vacate the premises, on August 18, 2014, Plaintiff filed a complaint for unlawful detainer in Calavares County Superior Court. On September 17, 2014, Defendants, proceeding *in propria persona*, filed an answer to the complaint, generally denying of its allegations and raising five affirmative defenses. On November 3, 2014, Defendants removed the case to this Court.

II.    **The Court Lacks Federal Question Jurisdiction**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court for the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a). Nonetheless, "[i]f at any time before the final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 546 (9th Cir. 1992). A district court must reject federal jurisdiction if any doubt exists about the right to removal. *Id.* Because of the strong presumption against removal jurisdiction, the defendant always has the burden of proving the propriety of removal. *Id.* Removal jurisdiction "must be rejected if there is any doubt as to the right of removal

in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship,[2] federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction is presumed to be absent unless the defendant, as the party who has removed the action, shows that the plaintiff has alleged (1) a federal claim (*American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); (2) a state cause of action that requires resolution of a substantial issue of federal law (*Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 9 (1983)); or (3) a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968).

Since Section 1441(b) permits a defendant to remove a case only if the claim could originally have been filed in federal court, the existence of removal jurisdiction is determined by reference to the "well-pleaded complaint." *Merrill Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). That a federal question arises as part of a defense or counterclaim is not enough. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. *See also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The complaint's sole claim is unlawful detainer pursuant to Cal. Code Civil Procedure § 1161a. An unlawful detainer action is a purely state cause of action. A single claim for unlawful

---

[2] The removal notice does not allege the existence of diversity jurisdiction.

detainer under California law provides no basis for federal question jurisdiction. *See U.S. Bank Nat'l Ass'n v. Tyler*, 2010 WL 4918790 at *2 (N.D.Cal. Nov. 12, 2010) (No. C 10-4033 PJH); *Everbank v. Wissa*, 2012 WL 1565714 at * 2 (E.D. Cal. May 2, 2012) (No. 2:12-cv-00735-JAM-KJN); *OneWest Bank FSB v. Ignacio*, 2010 WL 2696702 at *2 (E.D.Cal. July 6, 2010) (No. 1:10-cv-01683-JAM-DAD); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, 2010 WL 234828 at *2 (C.D.Cal. Jan. 13, 2010) (No. ED-CV-09-2337 PA (DTBx)); *HSBC Bank, N.A. v. Bryant*, 2009 WL 3787195 at *3 (S.D.Cal. Nov. 10, 2009) (N0. 09-cv-1659 IEG (PQR))

Defendants removed the case based on their defense that Plaintiff's eviction notice did not comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 (the "Act").  "[T]he Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants."  *Bank of New York Mellon v. Flores*, 2012 WL 761951 at *3 (E.D.Cal. Mar. 7, 2012), *report and recommendation vacated*, 2012 WL 1981329 (E.D.Cal. June 1, 2012), *report and recommendation adopted,* 2012 WL 3886097 (E.D.Cal. Sep. 6, 2012),  (No. 2:12-cv-00435-KJM-KJN PS).  Federal courts have consistently rejected this argument since for removal purposes, federal jurisdiction may not be premised on a defense or counterclaim.  *See Everbank*, 2012 WL 156714 at * 3; *Citibank, N.A. v. Corey*, 2012 WL 1552888 at *3 (E.D.Cal. April 26, 2012) (No. 2:12-cv-00499-MCE); *Parkland Sec., Inc. v. Carey*, 2012 WL 159621 at *2 (E.D. Cal. Jan. 18, 2012), *adopted by* 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (No. 11-cv-3281-GEB-GGH); *Westcom Credit Union v. Dudley*, 2010 WL 4916578 at *2 (C.D. Cal. Nov. 22, 2010) (No. CV 10-8203 GAF (SSx)); *SD Coastline LP v. Buck*, 2010 WL 4809661 at *2-3 (S.D.Cal. Nov. 19, 2010) (No. 10CV2108 MMA NLS); *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887 at * 1 (N.D. Cal. Mar. 29, 2010) (No. C10-01260 HRL).

///

Removal of this case to federal district court is not justified based on federal question jurisdiction.

## IV. Conclusion and Order

For the reasons set forth above, the Court hereby ORDERS that this matter be remanded to the Superior Court of California, Calavares County.

IT IS SO ORDERED.

Dated:   November 5, 2014                                     _____
                                                                              SENIOR DISTRICT JUDGE